UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RYAN J. BROWN,

    Plaintiff,

v.

UNKNOWN HOWELL, et al.,

    Defendants.

_____/

Case No. 2:21-cv-128

HON. JANE M. BECKERING

**OPINION AND ORDER**

    Plaintiff initiated this prisoner civil rights action against eighteen Defendants, alleging claims under 42 U.S.C. § 1983 related to his work while incarcerated in the Chippewa Correctional Facility's dining hall (ECF No. 1 at PageID.3).  On June 13, 2022, this Court issued an Opinion (ECF No. 23) and Order (ECF No. 24) dismissing all but one Defendant, Defendant Howell, from the action.  On September 14, 2023, Defendant Howell ("Defendant") filed a motion for partial summary judgment based on Plaintiff's alleged failure to exhaust his administrative remedies (ECF No. 39).  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) (ECF No. 43), recommending that this Court grant in part and deny in part Defendant's motion.  The matter is presently before the Court on Plaintiff's objections (ECF No. 44) to the Report and Recommendation.  In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.  The Court denies the objections and issues this Opinion and Order.

In recommending that this Court grant in part and deny in part Defendant's motion, the Magistrate Judge determined that Plaintiff's grievance records create a genuine issue of material fact as to whether Plaintiff had a valid reason for untimely submitting his Step II appeal of grievance URF-20-10-2807-28e, such that the Step II appeal was improperly rejected (R&R, ECF No. 43 at PageID.342). Further, the Magistrate Judge determined that Plaintiff's Misconduct Hearing Report for the October 23, 2020 misconduct ticket does not definitively establish that Plaintiff failed to raise retaliation during the hearing (*id.*). However, the Magistrate Judge determined that the grievance records establish that grievance URF-20-11-2916-28e was properly rejected as untimely and that Plaintiff did not appeal a grievance regarding the October 23, 2020 work evaluation through Step III of the grievance process (*id.*). Accordingly, the Magistrate Judge recommended that the Court deny Defendant's motion as to Plaintiff's claims that Defendant threatened to file and ultimately filed a false misconduct ticket against Plaintiff on October 23, 2020 (Plaintiff's Claims 5 & 6) and grant the motion as to Plaintiff's claims that Defendant filed false work evaluations against him on October 21, 2020 and October 23, 2020 (Plaintiff's Claims 4 & 7) (*id.*).

Plaintiff asserts three objections to the Magistrate Judge's Report and Recommendation. First, Plaintiff argues that "he is unable to properly and sufficiently respond to" Defendant's motion given the Court's denial of appointed counsel (ECF No. 44 at PageID.344–45). However, "[a]ppointment of counsel in a civil case is not a constitutional right." *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Because the Sixth Amendment's right to counsel only applies to criminal actions, district courts may exercise their discretion in appointing counsel for civil litigants, and they should only do so in "exceptional circumstances." *See id.* at 606. Plaintiff has not presented the requisite exceptional circumstances for the Court to appoint counsel in this civil

action. Plaintiff's argument fails to address, let alone demonstrate any error in, the Magistrate Judge's Report and Recommendation. Accordingly, Plaintiff's first objection is properly denied.

Second, Plaintiff "wishes to supplement the Complaint in the pursuit of justice due to retaliation continued throughout his incarceration" (ECF No. 44 at PageID.345). However, Plaintiff has not provided a proposed amended complaint, nor has he provided any detail in his objection as to why an amendment to the Complaint is warranted. Plaintiff's request to supplement the Complaint fails to address the Magistrate Judge's Report and Recommendation, let alone demonstrate any error in the Magistrate Judge's exhaustion analysis that requires a result different from the Magistrate Judge's recommendation. Accordingly, Plaintiff's second objection is properly denied.

In his third objection, Plaintiff argues that the Magistrate Judge erred in determining that he had exhausted his administrative remedies with respect to Claims 4 and 7 (*id.*). Plaintiff emphasizes that he has grievance receipts and has submitted grievances to the grievance coordinator but received no response (*id.*). Plaintiff also argues that due to COVID-19 protocols, he was forced to submit all grievances to an unsecured box to which all staff had access (*id.*). "Due to the many possibilities surrounding the circumstance [*sic*] that may have prevented [him] from exhausting his claims and the evidence that could be obtained to prove [he] attempted to exhaust his remedies," Plaintiff requests that the Court allow him to submit evidence to prove he exhausted his administrative remedies for Claims 4 and 7 (*id.* at PageID.346).

Plaintiff's request to submit evidence of having submitted grievances and the possibility that all staff had access to grievances does not serve to demonstrate any error by the Magistrate Judge. In light of the motion for partial summary judgment, Plaintiff did not make a request pursuant to Federal Rule of Civil Procedure 56(d) for the Court to defer considering the motion or

to allow time to obtain discovery, including submitted grievances. Plaintiff's request to submit evidence of submitted grievances is conclusory and does not demonstrate any error in the Magistrate Judge's determination. Plaintiff's third objection is therefore properly denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 44) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 43) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's motion for partial summary judgment (ECF No. 39) is GRANTED IN PART and DENIED IN PART; specifically, the motion is GRANTED with respect to Plaintiff's Claims 4 and 7 and DENIED with respect to Plaintiff's Claims 5 and 6. This case proceeds against Defendant Howell on Plaintiff's Claims 1, 2, 3, 5, and 6.

Dated:  May 9, 2024                                  /s/ Jane M. Beckering
                                                     JANE M. BECKERING
                                                     United States District Judge